UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------------  x
JOHN CHACHO, JR.,                                                   :
                                                                    :
                                    Plaintiff,                      :
                                                                    :      [INITIAL REVIEW
             -against-                                              :      ORDER]
                                                                    :
                                                                    :      3:25-CV-1213 (VDO)
MAUREEN PLATT, et al.,                                              :
                                                                    :
                                    Defendants.                     :
------------------------------------------------------------------  x
```

**VERNON D. OLIVER**, United States District Judge:

Plaintiff John Chacho, Jr., an inmate incarcerated at Cheshire Correctional Institution in the custody of the Connecticut Department of Correction ("DOC"),[1] filed this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983.[2] Plaintiff names twenty-two Defendants, which include two state attorneys, a crime scene technician, two Connecticut judges, a private attorney, a private citizen, and fifteen law enforcement officers with different positions in the Waterbury Police Department ("WPD").[3] Plaintiff claims that Defendants violated his constitutional rights in connection with his 2023 state court conviction for Attempted Assault

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut DOC website reflects that Plaintiff was admitted to the DOC on November 30, 2023, and was sentenced on September 7, 2023, to a term of eight years' imprisonment. *See* Connecticut DOC, https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=392797 (last visited May 1, 2026).

[2] Plaintiff filed a Complaint on the District of Connecticut complaint form, ECF No. 1, as well as a Supplemental Complaint, ECF No. 1-1.

[3] Compl., ECF No. 1 at 1-5, 7-8.

in the First Degree.[4] Plaintiff states that he sues Defendants in their individual and official capacities, but he solely seeks monetary damages.[5]

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.

## I.    BACKGROUND

While the Court does not set forth all the facts alleged in Plaintiff's complaint, it summarizes the basic factual allegations here to give context to its rulings below.

Plaintiff brings this suit against the following Defendants: Waterbury State's Attorneys Maureen Platt and Catherine B. Austin; Connecticut Superior Court Judges Joseph B. Schwartz and Maureen M. Keegan; private counsel Daniel Thibodeau; and private citizen

---

[4] The Court may take judicial notice of state court records. *Velasco v. Gonclavez*, No. 21-CV-1573 (MPS), 2022 WL 19340, at *2, n.2 (D. Conn. Jan. 3, 2022); *Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 402 (2d Cir. 2003). The Court has reviewed the Connecticut State Court records to provide context to Plaintiff's claims. Plaintiff has a pending habeas action in the Connecticut Superior Court. *See* Supp. Compl., ECF No. 1-1 ¶ 181; *see also Chacho #392797 v. Comm'r of Corr.*, No. TSR-CV24-5001781-S. On April 10, 2026, Plaintiff filed a third amended habeas corpus petition, stating that on September 7, 2023, in the Waterbury Superior Court, he pled guilty to Attempted Assault in the First Degree in Docket No. UWY-CR20-0228619-T, and he admitted to a Violation of Probation charge in Docket No. UWY-CR20-0228619-0. *See* Third Am. Pet., *Chacho,* No. TSR-CV24-5001781-S. (Oct. 21, 2025), Entry No. 120.00 at 3.

[5] Compl. ECF No. 1 at 10; Supp. Compl., ECF No. 1-1 at 45.

George Vassallo.[6] He also sues the following members of the Waterbury Police Department: Officers Anthony P. Ciminera, B. O'Toole, and Validimir Brito; Sergeants Desmond, Torres, Harvey, and Kereak; Lieutenants Knapp and Rainone; Chief Fernando Spagnolo; Deputy Chief John D. Napiello; Assistant Deputy Chief Edward Apicella; Detectives John Doe #1, John Doe #2, and John Doe #3; and Crime Scene Technician Sergey Babakov (collectively, the "WPD Defendants").

On the morning of January 15, 2022, Plaintiff and his girlfriend, Chelsea Chacho ("Chelsea"), were arrested by the Waterbury Police Department,[7] while Plaintiff and Chelsea were at Chelsea's grandmother's house.[8] Plaintiff and Chelsea were placed in handcuffs and placed in the back of police cars while the police searched the grandmother's house after obtaining consent from an individual inside the house.[9] Plaintiff and Chelsea were both driven to the Waterbury Police Department in the back of the police cars, and Plaintiff claims that at no time were they told they were under arrest.[10] Plaintiff alleges that Officer Brito and Officer Ciminera were involved in his arrest.[11]

---

[6] Compl., ECF No. 1 at 1-5, 7-8.

[7] In Plaintiff's Third Amended State Habeas Petition, Plaintiff states that "[f]actually, the State contended that, on January 15, 2022, [Plaintiff] got into an altercation with an individual and sometime after this altercation the [Plaintiff] pulled out a firearm and fired one shot into the car of this individual." *See* Third Am. Pet., *Chacho,* No. TSR-CV24-5001781-S. (Oct. 21, 2025), Entry No. 120.00 at 3.

[8] Supp. Compl., ECF No. 1-1 ¶¶ 2, 39-60.

[9] *Id*. ¶¶ 59-62.

[10] *Id*. ¶ 63.

[11] *Id*. ¶¶ 59-60, 62.

After Plaintiff arrived at the WPD, he was placed in a holding cell.[12] Detective John Doe #1 came and spoke with Plaintiff and told him that he had been arrested because he had shot someone.[13] Plaintiff was processed and booked, then he called Chelsea, who had already been released.[14] During Plaintiff's phone call with Chelsea, she told him that the police required her to sign a photograph of Plaintiff and "an electronic pinpad."[15] Plaintiff claims that Detectives John Doe #2 and #3 were involved in speaking with Chelsea prior to her release.[16]

Plaintiff's phone call with Chelsea ended, and he was placed back in his cell.[17] On January 18, 2022, Plaintiff was arraigned at Waterbury GA4, given a $250,000 bond, and charged with attempt to commit assault first degree, unlawful discharge of a firearm, reckless endangerment first degree, criminal mischief third degree, breach of peace second degree, criminal possession of a firearm, violation of a pistol permit, and illegal possession of a weapon in a motor vehicle.[18] Plaintiff bonded out on February 6, 2022, and his next court date was set for February 10, 2022.[19]

On February 22, 2022, Plaintiff was issued a violation of probation warrant because of his arrest and the nature of his charges, and his bond was set at $100,000.[20] Plaintiff then turned

---

[12] *Id.* ¶¶ 64-67.

[13] *Id.* ¶¶ 69-75.
[14] *Id.* ¶¶ 80-81.
[15] *Id.* ¶¶ 82-89.
[16] *Id.* ¶ 79.
[17] *Id.* ¶ 92.
[18] *Id.* ¶ 93.
[19] *Id.* ¶¶ 94-95.
[20] *Id.* ¶¶ 96-97.

himself in to the Naugatuck Police Station, and he was able to satisfy the bond amount.[21] On April 6, 2022, Plaintiff had a court date in New Haven GA23, for the violation of probation charge, and the matter was continued.[22]

Plaintiff retained an attorney who had Plaintiff's violation of probation case transferred to Waterbury GA4, with Plaintiff's most serious charges.[23] In Spring of 2023, Plaintiff and Chelsea met with Plaintiff's counsel, Daniel Thibodeau, to review discovery.[24] Plaintiff claims to have found a statement from Chelsea that the Waterbury Police allegedly fabricated, but Counsel Thibodeau was disinterested in the notion that the statement was fabricated.[25] On May 31, 2023, Plaintiff was arrested on unrelated charges and could not post bond.[26]

In August 2023, Plaintiff had a conversation with Attorney Thibodeau pertaining to an alleged plea offer from State's Attorney Platt and Judge Schwartz.[27] On September 7, 2023, Plaintiff appeared in court and Thibodeau told Plaintiff that he was being offered a six-year sentence in exchange for pleading guilty to assault in the first degree and domestic and violation of probation charges.[28] Plaintiff went before Judge Schwartz and was told that the offer was 15 years suspended after 10 years to serve, followed by 3 years' probation.[29]

---

[21] *Id*. ¶¶ 98-99

[22] *Id*. ¶ 101.

[23] *Id*. ¶¶ 102-04.

[24] *Id*. ¶ 105.

[25] *Id*. ¶¶ 105-14.

[26] *Id*. ¶ 114.

[27] *Id*. ¶ 119.

[28] *Id*. ¶¶ 120-22.

[29] *Id*. ¶ 124.

Thibodeau told Plaintiff he could receive up to a 22-year sentence if he went to trial, so Plaintiff claims he pleaded guilty because he felt coerced and he felt as if he had no other option.[30] Plaintiff states he was under the influence of drugs at the time.[31]

Plaintiff alleges that after Plaintiff pleaded guilty, his mother went to the courthouse to view his criminal files and found a statement from a private citizen, George Vassallo.[32] Plaintiff also requested body camera footage from Sgt. Keroack at the records division of the WPD.[33] Plaintiff then received the body camera footage, and claims he found information which caused him to believe his arrest, as well as the search and seizure, was illegal.[34] Plaintiff alleges that he then sent certified letters to Judge Schwartz and State's Attorney Platt seeking to withdraw his guilty plea,[35] but Judge Schwartz denied Plaintiff's motions to vacate his plea. The plea was not withdrawn.[36] On November 30, 2023, Plaintiff was sentenced.[37]

Plaintiff claims that State's Attorneys Platt and Austin committed Brady violations,[38] and that State's Attorneys Platt and Austin and Judge Schwartz deliberately maintained prosecution against him "despite a fundamental lack of any evidence that [he] committed these crimes. . . ."[39] Plaintiff further alleges that WPD members Austin, Keroack, Ciminera, Brito,

---

[30] Id. ¶¶ 130-32.

[31] Id. ¶¶ 126-128, 132.

[32] Id. ¶¶ 135-36.

[33] Id. ¶ 137.

[34] Id. ¶¶ 138-41.

[35] Id. ¶ 142.

[36] Id. ¶ 148.

[37] Id. ¶¶ 146, 162.

[38] Id. ¶¶ 142-43, 149, 162, 165

[39] Id. ¶¶ 159, 170.

Knapp, O'Toole, Harvey, Apicella, Napiello, Babakov, Rainone, Torres, Spangolo, and John Does #1, #2, and #3 falsified police reports and witness statements and withheld exculpatory evidence, such as body camera footage of Plaintiff's arrest.[40]

Plaintiff also filed grievances with the Statewide Grievance Committee against Counsel Thibodeau because, as Plaintiff alleges, he was ineffective in failing to investigate exculpatory evidence and in allowing Plaintiff to plead guilty while he was under the influence of substances.[41] Plaintiff alleges that George Vassallo made false statements to the police in regards to Plaintiff shooting at his vehicle,[42] and Plaintiff states that Judge Keegan signed the probable cause affidavit.[43] Plaintiff claims that he is not challenging his sentence in this action, but instead, solely seeking monetary damages.[44]

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915A, courts must review prisoner civil complaints in which a prisoner seeks redress from a governmental entity and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

---

[40] *Id.* ¶¶ 140, 143, 149-50, 162-65, 171, 175-78.

[41] Id. ¶¶ 144, 151-53, 155, 158-59, 162, 165-66.

[42] *Id.* ¶¶ 172-73.

[43] *Id.* ¶ 179.

[44] *Id.* ¶ 181.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

With respect to *pro se* litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)). However, *pro se* litigants are still required to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.*, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*,

550 U.S. at 555 (alteration in original). A statement of claim that is not short and direct places "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Harden v. Doe*, No. 19-CV-3839, 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks and citation omitted).

## III.    **DISCUSSION**

Plaintiff brings claims against Defendants for violations of his rights under the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment, Eighth Amendment, Fourth Amendment for illegal search and seizure, Sixth Amendment for ineffective assistance of counsel, and malicious prosecution.[45]

### A.    **Official Capacity Claims**

As an initial matter, Plaintiff states that he brings this suit against Defendants in their official and individual capacities, but he solely seeks monetary damages and does not seek injunctive or declaratory relief. The Eleventh Amendment bars a federal court from holding Department of Correction employees liable in their official capacity for money damages. *See Kelly v. New York State Unified Ct. Sys.*, 2022 WL 1210665, at *1 (2d Cir. 2022). Plaintiff may seek official capacity relief against a state official only to the extent that he alleges an ongoing violation of the constitutional rights for which a federal court may enter an order of prospective relief against that official in his official capacity. *See, e.g.*, *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *Silva v. Farrish*, 47 F.4th 78, 84 (2d Cir. 2022). Because Plaintiff is solely seeking monetary

---

[45] *Id*. at 45.

damages against Defendants, his official capacity claims against Defendants are dismissed. *See e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

## B.    Individual Capacity Claims for Monetary Damages

Plaintiff's Complaint does not comply with Rule 8 of the Federal Rule of Civil Procedure. Plaintiff's Complaint and Supplemental Complaint comprise fifty-six pages and 181 paragraphs and the scope of his allegations are somewhat unclear. Nevertheless, the Court dismisses Plaintiff's individual capacity claims for monetary damages on the grounds that Plaintiff's claims against Defendants are either barred by the doctrine of judicial immunity, prosecutorial immunity, or the precedent set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), or because Plaintiff has failed to state a claim upon which relief may be granted.

### 1.    Connecticut Superior Court Judges Keegan & Schwartz

Plaintiff brings claims against Connecticut Superior Court Judges Keegan and Schwartz. Plaintiff claims that he sent certified letters to Judge Schwartz explaining that he wished to withdraw his guilty plea because his attorney had not represented him effectively and there were "multiple Brady violations" that his attorney did not investigate.[46] Plaintiff also alleges that Judge Schwartz denied Plaintiff's motion to withdraw his guilty plea with no acknowledgement or response.[47] He claims that Judge Keegan "is responsible for signing the 'probable cause affidavit' as the Defendants of the Waterbury Police Department employed inaccurate, falsified, and improper reports . . . ."[48] Plaintiff alleges that both Judges Keegan and Schwartz "deliberately and intentionally maintained prosecution against [him] despite a

---

[46] *Id*. ¶ 142.

[47] *Id*. ¶ 149.

[48] *Id*. ¶ 179.

fundamental lack of any evidence that [he] committed these crimes. . . ."[49] To the extent Plaintiff asserts claims of constitutional violations against Connecticut Superior Court Judges Keegan and Schwartz, these claims are barred by judicial immunity.

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions," *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)), whether they are sued in their individual or official capacities, *Szymonik v. Connecticut*, No. 18-CV-263 (MPS), 2019 WL 203117, at *7 (D. Conn. Jan. 15, 2019), *aff'd*, 807 F. App'x 97 (2d Cir. 2020). Judicial immunity applies "unless the conduct alleged is non-judicial or is in the clear absence of jurisdiction." *Manhattan King David Rest., Inc. v. Blackshear*, 101 F.3d 685, 1996 WL 280538, at *1 (2d Cir. 1996). Acts "arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. Judicial immunity "is conferred in order to insure 'that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Id.* at 209 (internal citation omitted). Therefore, "even allegations of bad faith or malice cannot overcome judicial immunity." *Id.*

Here, Plaintiff does not plead any allegations about Judges Keegan and Schwartz, other than their involvement in his prosecution, and accordingly, his claims against Judges Keegan and Schwartz pertain only to their judicial acts. *See Owens v. Connecticut*, No. 24-CV-79 (VDO), 2024 WL 1576779, at *4 (D. Conn. Apr. 11, 2024) (dismissing claims against state court judges as barred by judicial immunity because plaintiff's only allegations against judges

---

[49] *Id*. ¶ 159.

11

were their involvement in plaintiff's prosecution); *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 163 (D. Conn. 2005) (dismissing damages claims against state court judges who presided over plaintiff's criminal case where plaintiff alleged there was insufficient cause to support charges against him, but judges required him to plead and stand trial); *Collin v. Connecticut Jud. Branch*, No. 16-CV-1390 (SRU), 2016 WL 6304434, at *3 (D. Conn. Oct. 26, 2016). Accordingly, all claims against Judges Keegan and Schwartz are barred by judicial immunity and dismissed under 28 U.S.C. § 1915A(b).

### 2.    State's Attorneys Catherine B. Austin & Maureen Platt

Plaintiff also brings claims against Defendants State's Attorneys Austin and Platt. A prosecutor is protected by absolute immunity from a section 1983 action for prosecutorial acts such as: determining which offenses and which defendants to charge, initiating a prosecution, evaluating and organizing evidence to be presented at trial or a grand jury, presenting evidence and witness testimony at trial and "for virtually all acts, regardless of motivation, associated with his [or her] function as an advocate." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994); *see also Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) ("A prosecutor acting in the role of an advocate in connection with a judicial proceeding is entitled to absolute immunity for all acts intimately associated with the judicial phase of the criminal process.") (citation modified)). Plaintiff claims that State's Attorneys Austin and Platt "deliberately and intentionally maintained prosecution against [him][,] despite a fundamental lack of evidence

12

that [he] committed these crimes."[50] Plaintiff also claims that State Attorneys Austin and Platt withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).[51]

Aside from Plaintiff's allegations being vague, conclusory, and speculative, there are no allegations that the conduct of State's Attorneys Austin and Platt were anything other than prosecutorial acts which are protected by prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (granting prosecutor's absolute immunity for their conduct "in presenting the state's case," including permitting an expert to give false testimony, suppressing important evidence, and introducing a misleading artist's sketch into evidence); *Warney v. Monroe County*, 587 F.3d 113, 125 (2d Cir. 2009) (noting that prosecutor's decision not to disclose exculpatory evidence to defendant's counsel was entitled to absolute immunity because "disclosure of evidence to opposing counsel is an advocacy function") (citation omitted). Thus, State's Attorneys Austin and Platt are immune from suit and all claims against these Defendants are dismissed under 28 U.S.C. § 1915A(b).

### 3.    Counsel Thibodeau

Next, Plaintiff brings claims against his private defense counsel Daniel Thibodeau. Plaintiff alleges that his counsel knew that he was under the influence of drugs when he pleaded guilty to his criminal charges and that there were multiple Brady violations, but Counsel Thibodeau did not investigate his case thoroughly.[52] In essence, Plaintiff brings claims for ineffective assistance of counsel and seeks monetary damages against counsel Thibodeau.[53]

---

[50] *Id.* ¶ 159.

[51] *Id.* ¶¶ 142-43.

[52] *Id.* ¶¶ 132, 142.

[53] *Id.* ¶ 142.

"Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert,* 526 U.S. 286, 290 (1999) (citing 42 U.S.C. § 1983). Accordingly, a plaintiff must show a violation of a federally protected constitutional or statutory right which was the result of state action, or action "under color of law." *See Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994). But neither a public defender appointed by the court nor a private attorney retained to represent a client in a criminal or habeas matter is considered a state actor for purposes of section 1983, and so, Plaintiff cannot state a cognizable claim under section 1983 against Counsel Thibodeau. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975) (private attorney retained by defendant was not a state actor).

Nevertheless, although any private attorney would not generally be liable under section 1983, the Court considers whether Plaintiff may bring his claims against a private party on the basis of any alleged conduct that may be considered state action. *See United States v. Int'l Brotherhood of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'"). To show that the actions of a private party may be attributable to the state, thereby making the private party subject to liability under section 1983, the plaintiff must show: "(1) the State compelled the conduct, (2) there is a sufficiently close nexus between the State and the private conduct, or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State." *Hogan v. A.O. Fox Mem'l Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)). "The fundamental question under each test is whether

14

the private entity's challenged actions are 'fairly attributable' to the state." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

Plaintiff has not alleged any facts to show that Counsel Thibodeau engaged in conduct that could be considered fairly attributable to the state. No allegation suggests that Plaintiff's privately retained counsel was compelled by the State to take the actions or inactions of which Plaintiff complains; that there was a sufficiently close nexus between the State and conduct by Counsel Thibodeau; or that the conduct consisted of activity that has traditionally been the exclusive prerogative of the State. *See Hogan*, 346 F. App'x at 629. Likewise, Plaintiff has not alleged facts to indicate that Counsel Thibodeau engaged in a conspiracy with state actors so as to support a claim of state action for a section 1983 claim. *See Storck v. Suffolk Cnty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 940 (E.D.N.Y. 1999) (plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the alleged conspiracy.").

Finally, because Plaintiff has failed to assert or plead facts to establish that Counsel Thibodeau is a state actor for purposes of § 1983, to the extent that Plaintiff is attempting to bring a claim against Counsel Thibodeau for a violation of the Sixth or Fourteenth Amendment, the Court dismisses Plaintiff's claims. *See Parker v. Bowdren*, No. 24-CV-00184(VAB), 2024 WL 4201899, at *3 (D. Conn. Aug. 21, 2024), *R. & R. Adopted*, 2024 WL 4524099 (D. Conn. Oct. 18, 2024) (recommending dismissal of plaintiff's Sixth and Fourteenth Amendment claims because plaintiff failed to show private attorney was a state actor). Accordingly, all claims for damages under section 1983 against Counsel Thibodeau are dismissed as not cognizable. *See* 28 U.S.C. § 1915A(b).

### 4.    Private Citizen George Vassallo

Plaintiff claims that George Vassallo, who is a private party, falsely accused him of a crime,[54] but the details surrounding George Vassallo's role in Plaintiff's criminal case are somewhat difficult to discern. Even so, for the same reasons Plaintiff's claims against Counsel Thibodeau are not cognizable, Plaintiff's claims against George Vassallo are also not cognizable.

Plaintiff has not alleged any facts to show that George Vassallo engaged in conduct that could be considered fairly attributable to the state. *See French*, 691 F.3d at 207. Moreover, Plaintiff has not alleged facts to indicate that George Vassallo engaged in a conspiracy with state actors so as to support a claim of state action for a section 1983 claim. *See Storck*, 62 F. Supp. 2d 927, 940. And even assuming that George Vassallo was a victim of Plaintiff's crime or crimes, or falsely accused Plaintiff of the crime or crimes for which he was convicted, this would not make George Vassallo a state actor under 42 U.S.C. § 1983. *See Sentementes v. Town of Bethel*, No. 20-CV-580 (MPS), 2020 WL 5994950, at *5 (D. Conn. Oct. 9, 2020) (concluding defendant could not be considered a state actor under § 1983 based on defendant's calling the police or seeking a protective order); *see Adebiyi v. City of New York*, No. 13-CV-480, 2014 WL 4922888, at *4 (E.D.N.Y. Sept. 30, 2014) (noting "provision of information to a police officer — even if that information is false or results in the officer taking affirmative action — is insufficient to constitute 'joint action' with state actors for purposes of § 1983.") (citation modified); *see also Bravo v. Bexar Cty. Tex.,* No. 12-CV-4009, 2014 WL 1155302, at *6 (E.D.N.Y. Mar. 21, 2014). Because Plaintiff has not shown that George Vassallo was a

---

[54] *Id*. ¶ 169.

state actor under section 1983, Plaintiff's claims against George Vassallo are dismissed as not plausible under § 1915A(b).

### 5.    Challenge to Validity of Conviction

The remaining Defendants are members of the Waterbury Police Department. Plaintiff's claims against these Defendants include claims for fabrication of police reports, withholding exculpatory evidence, and illegal search and seizure.[55] A litigant may not seek money damages for an alleged improper or illegal conviction until the conviction has been overturned or invalidated. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> [T]o recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for any other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid . . ., or called into question by a federal court's issuance of a writ of habeas corpus. . . .

*Id.* at 486-87. There are no facts here to suggest that Plaintiff's criminal conviction has been overturned or invalidated. As such, all of Plaintiff's claims against the members of the Waterbury Police Department implicating and challenging the circumstances surrounding his arrest and conviction are barred by *Heck*. The Court addresses each of Plaintiff's claims in turn.

Plaintiff claims that the members of the WPD engaged in an illegal search and seizure, and as best as can be discerned, it appears that officers from the WPD retrieved a firearm from Plaintiff's girlfriend's grandmother's house, which the WPD used as evidence to charge

---

[55] *Id*. ¶¶ 163, 171, 175, 177.

Plaintiff with the crimes of which he was convicted.[56] "Courts applying the *Heck* doctrine with respect to allegedly unlawful searches must assess 'whether a prisoner's victory in a § 1983 suit would *necessarily demonstrate* the invalidity of his conviction or sentence. . . .'" *Cox v. Aversa*, No. 18-CV-3898, 2020 WL 815476, at *3 (S.D.N.Y. Feb. 19, 2020) (quoting *McKithen v. Brown*, 481 F.3d 89, 102 (2d Cir. 2007) (emphasis in original)). Under exceptionally rare circumstances "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that . . . result[ed] in the § 1983 plaintiff's still-outstanding conviction." *Heck*, 512 U.S. at 487 n.7. These circumstances, which are exceptions to the general rule, include the independent source, inevitable discovery, and harmless error doctrines because actions involving those doctrines "would not *necessarily* imply that the plaintiff's conviction was unlawful." *Id.* (emphasis in original).

Here, Plaintiff has failed to demonstrate that any of these exceptions apply. In fact, "District courts have found that, when a § 1983 action targets a single episode involving a single search, such a case would necessarily demonstrate the invalidity of a conviction based on that search." *Cox*, 2020 WL 815476, at *3 (citing *El v. City of New York*, No. 14-CV-9055-GHW, 2015 WL 1873099, at *4 (S.D.N.Y. Apr. 23, 2015) (collecting cases)). Plaintiff appears to challenge the search of his girlfriend's grandmother's house and the seizure of a firearm, and the circumstances surrounding Plaintiff's conviction involve him getting "into an altercation with an individual and sometime after this altercation the [Plaintiff] pulled out a firearm and fired one shot into the car of this individual."[57]

---

[56] *See id.* ¶¶ 58, 62, 140.

[57] *See* Third Am. Pet., *Chacho,* No. TSR-CV24-5001781-S. (Oct. 21, 2025), Entry No. 120.00 at 3.

18

Because Plaintiff's challenge to the search of his wife's grandmother's house and seizure of a firearm may invalidate his conviction, his claim is barred by *Heck*. *See Pennyman v. Desena*, No. 25-CV-40 (SVN), 2026 WL 892276, at *5 (D. Conn. Mar. 31, 2026) (finding plaintiff's claim challenging search and seizure barred by *Heck*); *see also Knight v. Cerejo*, No. 13-CV-1882 (JAM), 2015 WL 893421, at *5 (D. Conn. Mar. 2, 2015) (finding Fourth Amendment claim barred by *Heck* where the conviction and sentence were based entirely on drugs found during the allegedly illegal search).

Furthermore, to the extent Plaintiff claims that members of the WPD fabricated police reports or other evidence, his claim is barred by *Heck*. "The Supreme Court has also held that *Heck* applies to cases alleging fabricated evidence." *Zografidis v. Richards*, No. 22-CV-631 (TOF), 2022 WL 21756775, at *8 (D. Conn. July 6, 2022), *R. & R. Adopted* (Oct. 7, 2022), *aff'd,* No. 22-3197, 2023 WL 7538211 (2d Cir. Nov. 14, 2023) (citing *McDonough v. Smith*, 139 S.Ct. 2149, 2156-57 (2019)); *see also Warren v. Fischl*, 674 F. App'x 71, 72 (2d Cir. 2017) (summary order) (applying *Heck* to preclude prisoner's claim against police officers and prosecutors for unreasonable search and seizure and fabrication of evidence); *Roberites v. Huff*, No. 11-CV-0521, 2012 WL 1113479, at *4 (W.D.N.Y. Mar. 30, 2012) (dismissing as premature, pursuant to *Heck*, due process, conspiracy to prosecute, obstruction of justice, fabrication of evidence, and equal protection claims related to the plaintiff's conviction where the plaintiff was convicted of the underlying criminal charges and his appeal was still pending).

Plaintiff may not seek damages for his allegedly unlawful conviction based on ineffective assistance of counsel, prosecutorial misconduct, judicial misconduct, fabrication of evidence, malicious prosecution, and claims challenge the search and seizure of evidence used

19

in relation to his criminal convictions. *See Collin v. Connecticut Jud. Branch*, No. 16-CV-1390 (SRU), 2016 WL 6304434, at *5 (D. Conn. Oct. 26, 2016). Accordingly, to the extent Plaintiff brings these claims against the WPD Defendants, these claims are dismissed pursuant to 28 U.S.C. § 1915A(b).

### 6.    False Arrest & Malicious Prosecution

Plaintiff also appears to bring claims for false arrest and malicious prosecution. Under Connecticut law, to state a claim for malicious prosecution and false arrest, the criminal proceeding must have terminated in the Plaintiff's favor. *See Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009) (quoting *McHale v. W.B.S. Corp.*, 187 Conn. 444, 446 (1982)); *see also Lopes v. Farmer*, 286 Conn. 384, 389 (2008) ("one of the elements of the tort of malicious prosecution is favorable termination of the underlying action"); *Miles v. City of Hartford*, 445 F. App'x 379, 382–83 (2d Cir. 2011) (noting favorable termination is an element of a section 1983 claim "sounding in false imprisonment or false arrest" under Connecticut law). Plaintiff was convicted of the crime he now seeks to challenge, and thus he cannot sustain a claim for malicious prosecution or false arrest.

There are no facts to suggest that Plaintiff's criminal conviction has been overturned or invalidated. Thus, Plaintiff may not seek damages for his allegedly unlawful conviction, and so, Plaintiff's claims against the WPD for false arrest and malicious prosecution are dismissed under 28 U.S.C. § 1915A(b).

### 7.    Miscellaneous Claims

Finally, to the extent Plaintiff claims that Defendants subjected him to cruel and unusual punishment under the Eighth Amendment and violated his rights under the Equal Protection Clause or Due Process Clause of the Fourteenth Amendment, Plaintiff has failed to

plead plausible claims.  First, it is not clear in what context Plaintiff is claiming Defendants violated his rights under the Eighth Amendment. The cruel and unusual punishment clause of the Eighth Amendment is all encompassing and includes claims such as excessive force and deliberate indifference to medical needs. There is no indication here that Defendants violated Plaintiff's rights under the Eighth Amendment.

The Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Due Process Clause of the Fourteenth Amendment protects both a right to "substantive" due process and "procedural" due process. *County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998). Having determined that the Judge and State Attorney Defendants are immune from suit and dismissing the Defendants who were not state actors, it is also unclear how any of the remaining WPD Defendants deprived Plaintiff of due process. The Due Process Clause of the Fourteenth Amendment is also all encompassing and covers a wide range of claims. Plaintiff has not indicated how his Fourteenth Amendment procedural due process rights were violated, nor has he pleaded any allegations for the Court to liberally construe any of his claims as a potential due process violation. Plaintiff's only mention of an Equal Protection claim is regarding Counsel Thibodeau;[58] however, because the Court has already determined that Counsel Thibodeau is not a state actor for purposes of section 1983, Plaintiff cannot bring an Equal Protection claim against Counsel Thibodeau.

Finally, although Rule 15(a)(2) of provides that "[t]he court should freely give leave [to amend] when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), leave to amend may properly

---

[58] Supp. Compl., ECF No. 1-1 ¶ 168.

be denied for multiple reasons, including, "futility of amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotations omitted). Plaintiff's claims are dismissed either because they are barred by immunity doctrines, certain Defendants are not state actors, or because his conviction has not been invalidated. Here, there is no possibility at this juncture that an amendment will be successfully pleaded, and thus, Plaintiff's Complaint is dismissed without leave to amend.

## IV.      **CONCLUSION**

For the foregoing reasons, the Complaint is dismissed without prejudice and without leave to amend.

The Clerk of Court respectfully to close this case.

**SO ORDERED.**

Hartford, Connecticut
May 4, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

22